**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| FUJI ELECTRIC CORP. OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. 9:05-CV-27 |
| v. | : | |
| | : | JUDGE RON CLARK |
| FIREMAN'S FUND INSURANCE | : | |
| COMPANY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER AND MEMORANDUM ON**
**DEFENDANT'S MOTION TO DISMISS, STAY, OR TRANSFER**

Before the court are the following motions: Defendant Fireman's Fund Insurance Company's

Motion to Dismiss, Stay or Transfer [Doc. # 3] and Plaintiff's Motion for Leave to File

Supplemental Response [Doc. # 14].  After reviewing the motion papers and holding the case

management conference on May 31, 2005, the court finds that Plaintiff's Motion for Leave to File

Supplemental Response **[Doc. # 14]** is **GRANTED** and Defendant's Motion to Dismiss, Stay, or

Transfer **[Doc. # 3]** is **DENIED**.

**INTRODUCTION**

Plaintiff Fuji Electric Corporation of America (Fuji America) brings this lawsuit against

Defendant Fireman's Fund Insurance Company (Fireman's Fund) for losses sustained to a

transformer unit while it was shipped from Japan to Texas during the months of December 2001 thru

February 2002.  The loss was discovered on March 9, 2002 and was first reported to Fireman's on

March 14, 2002.  This lawsuit follows several years of negotiations allegedly between Fuji Japan and

Fireman's Fund.  Further, the current case follows the filing of a declaratory action against Fuji Japan

by Fireman's Fund in the Northern District of California.  Fuji America filed this action in this court

after Fireman's Fund filed its declaratory action in California against Fuji Japan.  However, the case

filed in the Eastern District of Texas was filed before Fireman's Fund joined Fuji America to its

declaratory action now pending in the Northern District of California.

## LAW & DISCUSSION

When related cases are filed in courts with concurrent jurisdiction, the Fifth Circuit typically

follows the first-filed rule.  *See West Gulf Maritime Ass'n v. ILA Deep Sea Local,* 751 F.2d 721, 730

(5th Cir. 1985).  The court with prior jurisdiction over a common subject matter should resolve all

issues presented in related actions.  *Mann Manufacturing Inc. v. Hortex, Inc.*, 439 F.2d 403 (5th Cir.

1971).  The courts strive to avoid duplicative litigation.  *See Colorado River Water Conservation

District v. United States*, 424 U.S. 800, 817 (1976).

Defendant Fireman's Fund moves to dismiss, stay, or transfer the case at bar based on the

allegation that its declaratory action in the Northern District of California is substantially similar to

Fuji America's case filed here, against it, in the Eastern District of Texas.  The court disagrees.  The

two cases initially involved different parties - the case in California is a dispute between Fireman's

Fund and Fuji Japan while the case here in Texas is between Fuji America and Fireman's Fund.

Based on the evidence submitted to the court, and the representations of Fuji America's counsel and

Fireman's Fund's counsel made during the case management conference held for this case, Fuji

America and Fuji Japan are unequivocally two separate entities.  Therefore, the claim lodged against

Fireman's Fund by Fuji America here in the Eastern District of Texas on February 4, 2005 is the

first-filed claim involving Fuji America since Fireman's Fund did not sue Fuji America until

February 15, 2005.

While not dispositive, the court notes that Fireman's Fund wholly failed to request and obtain appropriate service against Fuji Japan in its declaratory suit in the Northern District of California. *See* Doc. # 8, Ex. 1 - Order Granting, in Part, and Denying, in Part, Defendant's Motion to Dismiss; Vacating Hearing, Civil Case No. C-04-3627 MMC, United States District Court for the Northern District of California.  Fireman's Fund filed its declaratory action suit on August 25, 2004.  As of March 17, 2005, which is long after the 120 day limit of Fed. R. Civ. P. 4(m), Fireman's Fund had still not secured proper service against Fuji Japan.  A failure to strictly comply with Hague Convention requirements, on the initial request for service, might be ascribed to inexperience with suits against foreign corporations.  But the failure to ask for an extension of time and attempt proper service after 120 days in accordance with Fed. R. Civ. P. 4(m) raises a strong implication that Fireman's Fund was not actually interested in pursuing its suit in California, but merely wanted a first-filed place holder status in the forum of its choice.  Such tactics are not a good basis for depriving Fuji America from seeking relief in a forum of its choice.

Since the court finds that this case by Fuji America is not substantially similar to the Fireman's Fund declaratory action filed against Fuji Japan in the Northern District of California, the case will not be dismissed or stayed.  The court now turns to the question of whether this case should be transferred to the Northern District of California based upon the factors controlling transfer under 28 U.S.C. § 1404(a).

Fuji America's choice of forum is "a paramount consideration in any determination of transfer request, and that choice should not be lightly disturbed." *Young v. Armstrong World Indus.*, 601 F.Supp. 399, 401 (N.D. Tex. 1984).  Therefore, that factor points to the Eastern District of Texas as the appropriate forum for this suit.  Second, the three factors of relative ease of sources of proof, costs of attendance of witnesses, and the place of the alleged wrong, all favor of the Eastern District

of Texas.  The damage that is central to this suit was discovered in the Eastern District of Texas, the

witnesses that will be available to testify regarding the discovery of the damages are most likely in

the Eastern District of Texas, and the documentary evidence, regardless of its location, will most

likely be easily available for presentation in the Eastern District of Texas given the utility of modern

technology.  Finally, as to any delay and prejudice that may arise if the case were to be transferred

to the Northern District of California, this court find no evidence that Fuji America would suffer any

prejudice.  There is a slight delay that may arise given the current trial settings in each respective

court.  However, there has been no showing that this factor weighs heavily in favor of, or against,

transfer.

Next, the court turns to the factors that typically fall into the public interest category of the

transfer analysis.  *See In re Triton Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999).  There is

a public interest in a speedy resolution of the matter.  The fact that the Northern District of California

has set the case for trial in October 2006, while the Eastern District of Texas is set to try this case

in February 2006 provides a basis to find that evaluation of this factor is slightly in favor of the

Eastern District of Texas.  The burden on a jury in the Eastern District of Texas is the same as on

a jury in the Northern District of California.  The case involves damages to equipment for a project

in East Texas.  Fuji America may have offices in California, but chose to file in Texas.  Fireman's

Fund does business in both states.  Both venues have a local interest in adjudicating the dispute, but

this factor tends to weigh in favor of the Eastern District of Texas.  Finally, the appropriateness of

having a case tried in a jurisdiction whose law will govern the dispute can not be determined to

weigh in favor of one jurisdiction over the other.  It has yet to be made clear whether California or

Texas insurance law will govern the dispute at hand.  However, the court is confident that either

district court would be capable of adequately applying the law to the issue at hand.  Therefore, this factor does not weigh in favor of one forum or the other.

Accordingly, on balance, the transfer factors weigh more heavily in keeping the case in the Eastern District of Texas and continuing the litigation that is before this court in this forum. Therefore, for the reasons stated above, and on the record at the case management conference held May 31, 2005, Defendant Fireman's Fund's Motion to Dismiss, Stay, or Transfer **[Doc. # 3]** is **DENIED** in its entirety.

 So **ORDERED** and **SIGNED** this **6**  day of **June, 2005.**

_____
Ron Clark, United States District Judge