UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| FUJI ELECTRIC CORP. OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | CASE NO. 9:05CV27 |
| v. : | |
| : | JUDGE RON CLARK |
| FIREMAN'S FUND INSURANCE, a : | |
| corporation : | |
| : | |
| Defendant. | |

**ORDER ON DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S EXPERT**

Before the court is Defendant's Motion to Exclude Plaintiff's expert witness Roland Huet [Doc. # 42]. Plaintiff's response has been filed. A copy of Mr. Huet's expert report and the report that he based his conclusions on are all before the court. Defendant seeks to exclude all reports and any potential testimony by Roland Huet on the grounds that his opinion is not based on sufficient facts and so not reliable, will not assist the trier of fact, and could be misleading to the jury. Plaintiff responds that Mr. Huet's testimony is both relevant and reliable. Because the court finds that his proposed testimony and reports are relevant and based upon sufficient facts and data, the court concludes that Defendant's motion should be denied.

**I. Facts**

Plaintiff Fuji Electric Corporation of America ("Fuji America") brings the current lawsuit against Defendant Fireman's Fund Insurance Company ("Fireman's Fund") for losses sustained to a Generator Step-Up transformer unit. At issue is whether the damage to the transformer was covered under a policy underwritten by Fireman's Fund.

1

It is undisputed that the transformer was damaged when it arrived in Texas and that some of the bolted connections on the internal frames of the transformer were loose. The bolted connections were intended to fasten the transformer frame to the internal component parts and prevent the shifting of the transformer. Parts of the bolted connection were sent to the W.H. Laboratories for an examination. The W.H. Laboratories report concluded that the bolted connections were not adequately fastened pre-transit and this is what caused the transformer to shift during transit.[1] Based on this report, Defendant Fireman's Fund denied payment on the policy claiming that the insureds failed to show that the transformer was damaged due to an external force.[2]

Plaintiff Fuji Electric's expert, Mr. Huet, contends that the conclusion reached in the report is misleading and that the evidence actually shows that there is no evidence that the bolted connections were not assembled and fastened correctly pre-transit. It is Plaintiff's contention, then, that the damage was due to external causes during transit, and so covered under the terms of the insurance policy.

## II. Standard of Review

An expert's opinion must assist the trier of fact to understand the evidence or to determine a fact in issue. Fed. R. Evid. 702. A challenge that an expert's conclusions would not be helpful to the trier of fact is a challenge to relevancy. *See Daubert v. Merrell Dow*

---

[1] The W.H. Laboratories report refers to the bolted connections, including the nuts and the washers, as fastener assemblies.

[2] Defendant has recently filed a motion for summary judgment claiming that Plaintiff is barred from bringing this suit as a matter law. The claims and issues raised in that motion will be dealt with in a separate order.

*Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993). An opinion must be relevant to the facts at issue to be admissible. *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 245 (5th Cir. 2002).

When a party questions whether an expert is reliable, the court must determine whether: 1.) the proposed testimony is based upon sufficient facts or data; 2.) the testimony is the product of reliable principles and methods; and 3.) the witness has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702. This is a codification of the requirements of *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S. Ct. 2786 (1993). The Court must ensure that the expert employs the same level of intellectual rigor as other experts in the same field. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S. Ct. 1167 (1999).

*Kuhmo* makes clear that the *Daubert* factors are not exclusive, and that some cases will not involve rigorous application of peer reviewed classical scientific methods. Objecting to bases and sources of an expert's opinion affect the weight assigned to that opinion, not whether it is admissible. *U.S. v. 14.38 Acres of Land, More or Less Situated in Leflore County*, 80 F.3d 1074, 1077 (5th Cir. 1996). The court will not supplant itself for the attorneys on record, "it is the role of the adversarial system, not the court to highlight weak evidence." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004). Once a party objects to the expert's testimony, the party offering the expert bears the burden of proving by a preponderance of the evidence that the expert's opinions are reliable, but does not bear the burden that they are correct. Fed. R. Evid. 104(a); *Tanner v. Westbrook*, 174 F.3d 542, 547 (5th Cir. 1999). Here, Defendant only challenges reliability on the ground that the proposed testimony is not based on sufficient facts or data.

### III. Analysis

Mr. Huet's qualifications are not questioned by Defendant Fireman's Fund. Mr. Huet's report states that he has an engineering degree from the Ecole Centrale Paris in France and a M.S. degree from the University of California and Berkeley. He works as a Senior Managing Engineer who specializes in combining metallurgical and mechanical engineering to perform failure analysis and accident reconstruction. The court finds, therefore, that Mr. Huet is "qualified as an expert by knowledge, skill, experience, training or education." *See* Fed. R. Evid. 702.

Mr. Huet indicates that he relied on the following materials in order to form his opinion: the W.H. Laboratories' report, an examination of the detailed photographs attached to the report, his partial inspection of the transformer, and around forty other documents related to the transformer, including the site inspection report and Fireman's Fund's technical representative's report on transformer damage. Mr. Huet has not examined the actual bolting hardware nor evaluated or performed any mechanical analysis of the transformer. Fuji Electric explains that Fireman's Fund actually had the bolting hardware in its possession and only recently turned it over to Fuji Electric. In his report, Mr. Huet states that when he examines the bolting hardware, if necessary, his opinions may be supplemented and modified.

**A. Relevancy**

Fireman's Fund argues, based on the report from its expert, W.H. Laboratories, that the transformer was not properly fastened and clamped pre-transit. According to Defendant Fireman's Fund, this failure to adequately clamp the transformer is what caused the damage to the transformer, not any external causes which would be covered under the insurance policy.

Roland Huet's report attempts to rebut the W.H. Laboratories report as misleading. In summary, he states W.H. Laboratories does not establish how the bolts become loose and that there is no evidence as to when they became loose. In other words, this expert examines and criticizes the work of another expert. This is one of the traditional roles of an expert and bears directly on the issues in this case. The court finds that the proposed testimony and the report are relevant under Fed. R. Evid. 401 and 702.

### B. Reliability

The crux of Defendant's reliability challenge goes to the claim that Mr. Huet's opinions are not based upon sufficient facts or data and that this is shown in his report by four inconsistent conclusions. It is Defendant's contention that Mr. Huet did not have adequate personal knowledge of the facts material to this case because his report is based largely on the W.H. Laboratories report and he did not perform any mechanical analysis of the transformer.

When reviewing the sufficiency of the underlying facts on which an expert basis their opinion, the court must determine whether the expert considered enough facts to support the opinion. *See Pipitone*, 288 F.3d at 249. The court must decide if the opinion is so fundamentally unsupported that it can offer no assistance to the jury. *See Hartley v. Dillard's, Inc.,* 310 F.3d 1054, 1061 (8th Cir. 2002). In general, objections to bases and sources of an expert's opinion affect the weight not admissibility. *See 14.38 Acres of Land, More or Less Situated in Leflore County*, 80 F.3d at 1077 (5th Cir. 1996). Moreover, "an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation." *Daubert*, 509 U.S. at 592.

As noted, the data relied on by Mr. Huet was the W.H. Laboratories report, the

photographs in the report, a partial examination of the transformer, and other documents relating to the transformer. His report is basically an attack on the W.H. Laboratories report. A report can be criticized without brining in outside evidence. The court concludes, therefore, that Mr. Huet's conclusions, which were fairly limited, were based upon enough factual data to meet the reliability test.

### C. Claim of misleading

Defendant has also argued that Mr. Huet's conclusions would be misleading to a jury. However, Defendant has not shown that the probative value of the testimony is substantially outweighed by the danger of misleading the jury. *See* Fed. R. Evid. 403. Fireman's Fund asserts that Huet's conclusions 1 and 4 are inconsistent. They may not be the most artfully stated conclusions, but they are not so inherently inconsistent as to be inadmissible. Huet's report and conclusions are intended to show that the W.H. Laboratories report is weak and insufficient to show the damage was caused by inadequate pre-transit clamping. There is no reason to assume the jury will be misled because Mr. Huet's position and Plaintiff's position are inconsistent, or that the jury will be fooled by the alleged inconsistency in conclusions 1 and 4.

### IV. Conclusion

Based upon a review of the motions, the expert reports, and Huet's resume the court determines that a hearing is not necessary to establish Mr. Huet's qualifications to testify. *See Kumho Tire*, 526 U.S. at 149-53. Defendant's motion only claims that Mr. Huet's opinions are unreliable because of a lack of sufficient facts. The record shows that his opinion is based on sufficient facts. Moreover, his opinions are relevant and not misleading.

IT IS THEREFORE ORDERED that Defendant's Motion to Exclude [**Doc. # 42**] is **DENIED**.

So **ORDERED** and **SIGNED** this **21** day of **November, 2005.**

_____
Ron Clark, United States District Judge