UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| FUJI ELECTRIC CORP. OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. 9:05CV27 |
| v. | : | |
| | : | JUDGE RON CLARK |
| FIREMAN'S FUND INSURANCE, a | : | |
| corporation | : | |
| | : | |
| Defendant. | | |

**MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the court is Defendant's Motion for Summary Judgment [Doc. # 34]. Defendant asserts that Plaintiff's claim is barred by the time for suit clause in the contract and because Plaintiff failed to give notice of the loss as required. Plaintiff responds that Defendant has waived its right to enforce the time for suit provision and that it did give timely notice of the loss. This is a consolidated action with one case transferred from California. Because there are no material differences between Texas and California law, this court will apply Texas law to the entire suit. Under Texas law, there is a genuine issue of material fact as to whether Fireman's Fund waived its right to enforce the time for suit provision and whether Fuji America timely presented its claim.[1]

---

[1] Defendant failed to highlight the pertinent portions of its exhibits as required by Local Rule CV-7. Defendant ignored the Order Governing Proceedings Appendix 1 which requires the motion to begin with a summary of the basis for the motion, followed by "Undisputed Material Facts" and "Issues Presented." Defendant then chose to ignore the suggestions that extensive exhibits be tabbed and bound to make it easier for the court to read. It will be easier to analyze motions if the parties comply with the court's orders and suggestions.

## I. Facts and Procedural Background

Plaintiff Fuji Electric Corporation of America ("Fuji America") brings this diversity action against Defendant Fireman's Fund Insurance Company ("Fireman's Fund") for losses sustained to a Generator Step-Up transformer unit. Fuji America had contracted to sell a transformer manufactured by Fuji Electric Company ("Fuji Japan") to Bechtel Power Corporation ("Bechtel") for use in Texas. On March 9, 2002, damage to the transformer was discovered. It is undisputed that Fireman's Fund received notice of the loss on March 14, 2002. Fireman's Fund never paid out any proceeds from this loss and Fuji America brought suit on February 4, 2005.[2]

## II. Standard of Review

The party moving for summary judgment under Fed. R. Civ. P. 56 has the initial burden of demonstrating that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 2514 (1986). Movant may show that the undisputed material facts affirmatively establish a right to judgment. Alternatively, movant may establish that the other party has the burden of proof at trial, and has failed to "make a showing sufficient to establish the existence of an element essential to [its] case." *Nebraska v. Wyoming*, 507 U.S. 584, 590, 113 S. Ct. 1689 (1993) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2522 (1986)).

In order to avoid summary judgment, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *See*

---

[2]The underlying factual dispute in this case centers around the cause of the damage to the transformer. This factual dispute, however, is not important to resolving the claims in Defendant's Summary Judgment Motion.

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86, 106 S. Ct. 1348, 1335 (1986); *Anderson*, 477 U.S. at 257, 106 S. Ct. at 2514. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S. Ct. at 1356. Fed. R. Civ. P. 56 requires that the nonmoving party set forth specific facts showing that there is a genuine issue for trial. *Anderson,* 477 U.S. at 256, 106 S. Ct. at 2514. Only a genuine dispute over a material fact (a fact which might affect the outcome of the suit under the governing substantive law) will preclude summary judgment. *Anderson*, 477 U.S. at 248 106 S. Ct. at 2510. The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party on the issue. *Id.* If the factual context renders a claim implausible (for example if the claim simply makes no economic sense) nonmovants "must come forward with more persuasive evidence to support their claim than would otherwise be necessary. *Matsushita*, 475 U.S. at 587, 106 S. Ct. at 1356.

      Fed. R. Civ. P. 56(c) requires the court to look at the full record, including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. All reasonable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, and any doubt must be resolved in its favor. *Matsushita*, 475 U.S. at 587, 106 S. Ct. at 1356. However, only *reasonable* inferences in favor of the nonmoving party can be drawn from the evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 468, 112 S. Ct. 2072, 2083 (1992).

### III. Analysis

**A. Choice of Law**

In this consolidated action, one diversity suit originated in Texas and one diversity suit originated in California. In diversity cases, the general rule is that a district court must apply the substantive law of the state in which it sits, *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822 (1938), and this includes that state's choice of law rules. *Klaxton Co. v. Stentor Elec. Mfg. Co., Inc.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021 (1941). In a case that is transferred pursuant to 28 U.S.C. 1404(a), the court should apply the law of the transferor state, including that state's choice of law rules. *Van Dusen v. Barrack*, 376 U.S. 612, 637-39, 84 S.Ct. 805, 819-21 (1964). The law of the transferor state applies regardless of whether Plaintiff or Defendant moves for the transfer. *See Ferens v. John Deere*, 494 U.S. 516, 524-25, 110 S.Ct. 1274, 1280 (1990). Under these rules, Texas law applies to the case filed in Texas, and California law applies to the case originating in California.

The Fifth Circuit has considered which law to apply in a consolidated suit, where one case was transferred from California to Texas and one case was originally filed in Texas. *See Bott v. American Hydrocarbon Corporation*, 441 F.2d 896, 898 (5th Cir. 1971). The court should decide first whether there is actually a conflict between the laws of the two states. *Id.* In this case, Defendant simply assumes that Texas law applies and does not cite any instances of conflicting laws. Plaintiff Fuji Electric, citing to various cases in Texas and California, asserts that there are no difference between the two states' laws. After reviewing the relevant case law, the court finds that there are no material differences between the governing California and Texas law in this case and so no conflict exists.

Under Texas and California choice of law rules, the law of the forum state would be applied where no conflict exists. *See Duncan v. Cessna Aircraft Co.* 665 S.W.2d 414, 419 (Tex. 1984); *Wash. Mut. Bank v. Superior Court*, 24 Cal.4th 906, 919-20 (Cal. 2001). However, since there are no material differences between Texas and California law, and no prejudice would result from the application of either law, for convenience this court will apply Texas law to the entire case.

**B. Notice of Loss**

Fireman's Fund's argument seems to confuse two separate provisions of the contract. Fireman's Fund claims that Fuji America "failed to present its claim and/or bring its cause of action prior to the running of the contractual statute of limitations as prescribed by the Policy." Fireman's Fund goes on to say it will show that Fuji America did not present a timely claim under the Policy. But, Fireman's Fund then concludes that summary judgment is warranted because Fuji America "did not bring its cause of action within the express time period."

The contract requires a party to timely report any loss to Fireman's Fund under the Notice of Loss clause. *See* Common Condition 1A in the Policy. In a separate clause the contract requires any suit to be filed within one year from the date the loss occurred. *See* Marine Cargo Time for Suit Provision, ¶ 42. These are two different clauses containing different requirements, yet Fireman's Fund uses the terms in the two clauses interchangeably. Despite the confusion, Fireman's Fund seems to state that Fuji America failed to satisfy both provisions, so the court will address Fireman's Fund's argument as it relates to each clause.

The Notice of Loss clause states that "[i]n case of actual or expected loss or damage to the goods insured, it shall be reported to this Company or its claims representatives as soon as

practicable upon knowledge by the Assured of the actual or expected loss." The plain language of an insurance policy, like any other contract, will be given effect when the parties' intent may be discerned from the language. *Glover v. National Insurance Underwriters*, 545 S.W.2d 755, 761 (Tex. 1977). In determining the parties' intentions, intent must be taken from the agreement itself, not from the parties' present interpretation. *CMS Partners, Ltd. v. Plumrose USA, Inc.,* 101 S.W.3d 730, 732 (Tex.App.–Texarkana, 2003, no pet.). In the absence of ambiguity, the court is to interpret the policy from the four corners of the document. *Lyons v. State Farm Lloyds and National Casualty Company*, 41 S.W.3d 201, 206 (Tex.App. – Houston [14th Dist.] 2001, pet. denied). If an insurance policy is subject to more than one reasonable interpretation, the court must adopt the construction most favorable to the insured when resolving the uncertainty. *State Farm Fire & Cas. Co. v. Vaughan*, 968 S.W.2d 931, 933 (Tex. 1998).

Fireman's Fund's argues that the contract requires each Assured to give separate notice of the loss. The intent as reflected in the agreement, and the plain language of the clause is that Fireman's Fund should be notified as soon as practicable of the loss by the Assured, not each Assured. This interpretation is consistent with the purpose of a Notice of Loss clause – so the insurance company is able to conduct its own investigation of the loss close to the time when the loss occurs. It is undisputed that Fireman's Fund received notice of the loss five days after the damage to the transformer was discovered by the Assured, Bechtel, and that this notice was in enough time to adequately investigate the claim.

Even assuming the contract requires each Assured to give separate notice to Fireman's Fund of the same loss, there is still a genuine issue of material fact as to whether Fuji America

gave Fireman's Fund timely notice of the loss. Fuji America was involved in email correspondences sent to and from Fireman's Fund starting in April 2002. These emails were discussions of the damage to the transformer among Bechtel, Fuji Japan, and Fuji America, which were then forwarded to Fireman's Fund. Additionally, the email in July 2002 that Fireman's Fund admits gave it timely notice of Fuji Japan's claim was first sent to Bechtel along with an email from Fuji America regarding the claim. Both emails were then forwarded to Fireman's Fund.

The evidence, viewed in the light most favorable to the non-movant, could support a finding by a fact finder that Fireman's Fund received notice of the loss, had notice of Fuji America's involvement in the claim as early as April 2002, and received numerous emails from Fuji America regarding the damaged transformer. This genuine issue of material fact precludes summary judgment.[3]

**C. Waiver of Time of Suit Provision**

There are three time for suit provisions in the contract. Both parties agree that the Marine Cargo Time for Suit clause (¶ 42) is the one at issue in this case. This clause requires that suit be brought within one year time from the date the loss occurred. If the one year clause is invalid, then the "the laws of the place where this Section [the time for suit section] is issued" will provide the applicable time in which suit must be brought. The parties do not dispute that

---

[3] Under California law, the contract would be interpreted in the same manner, and so the result would be the same. *See, e.g. Prudential Ins. Co. of America, Inc. v. Superior Court*, 119 Cal. Rptr. 2d 823, 833 (Cal. Ct. App. 6 Dist., 2002)(a court is to interpret the document as a whole and to consider the document as written without regard to the parties' present interpretations.)

the one year clause controls.[4]

Under Texas law, a policy provision limiting the time within which suit may be brought is for the benefit of the insurer and should be strictly construed. *See Trinity Universal Ins. Co. v. Howeth*, 419 S.W.2d 704, 706 (Tex. App.– Texarkana, 1967, no writ). Slight evidence of waiver will be sufficient to defeat the application of such a clause. *Id.* "[W]here a defendant insurance company, by its acts in negotiating for settlement of a claim, has led the insured to believe that they will be paid without suit, the company can not take advantage of the provision in its policy requiring action to be brought within a stated time after loss." *Id.* (citation omitted). Moreover, in general under Texas law, exceptions and rules of limitation of insurance coverage will be strictly construed against the insurer. *Providence Washington Ins. Co. v. Proffitt*, 239 S.W.2d 379, 381 (Tex. 1951).

Here, it is undisputed that Fireman's Fund continued to negotiate with Fuji Japan from 2002-2004. The evidence shows that Fuji America was also involved in these negotiations. Fuji America was engaged in email correspondence regarding the transformer; it made inspections of the transformer along with Fireman's Fund; and it participated in a conference call regarding the claim of the loss with Fireman's Fund on August 26, 2002. Moreover, the

---

[4]Plaintiff and Defendant point out that in Texas a person may not enter into a contract that purports to limit the time in which to bring suit on the contract to a period shorter than two years. *See* Tex. Civ. Prac. & Rem. Code § 16.070. It is unclear, however, that a Texas court would apply this limitation to a contract that was not entered into in Texas, and no party is a resident of Texas. *See Watson v. Rhode Island Ins. Co.,* 196 F.2d 254, (5th Cir. 1954) (Applying Texas law, Court held that Vernon's Ann. Civ. St. art. 5545 (precursor to Tex. Civ. Prac. & Remedies Code § 16.070), which prohibited provisions in a contract limiting the time to sue to shorter than two years, only applied to contracts that were entered into in Texas). As noted, the court does not need to decide this issue because the parties agree that the one year provision applies, and it is not disputed that Fuji America did not file suit within two years from the discovery of the loss.

April 10, 2003 denial of the claim by Fireman's Fund was followed by continuing discussions between the parties in May 2003 and August 2003. Fireman's Fund also explicitly stated in a letter dated December 18, 2003 to counsel in California that "Fuji [Japan] has approximately one year and four months before timebar."

Waiver is usually an issue for the fact finder. Viewing the evidence in the light most favorable to the non-movant, there is a genuine issue of material fact as to whether Fireman's Fund waived its right to avail itself of the time for suit provision. The continuing negotiations and statements by Fireman's Fund preclude granting summary judgment for Defendant on the issue of the contractual time for suit provision.[5]

### IV. Conclusion

The evidence before the court shows that there is a genuine issue of material fact as to whether Plaintiff timely gave notice of the loss, and whether Fireman's Fund waived its right to enforce the time for suit provision in the contract.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment [**Doc. # 34**]is **DENIED.**

So **ORDERED** and **SIGNED** this **15** day of **December, 2005.**

_____
Ron Clark, United States District Judge

---

[5]The court notes that this same result would be reached under California law. *See Prudential-LMI Commercial Ins. v. Super. Ct.*, 798 P.2d 1230, 1240 (waiver exits where continue negotiations for settlement after the limitation period.)